UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------X

BLAKE GARDENS, LLC,

                Plaintiff

                                                  COMPLAINT

                                                  DOCKET NO. 17-3228

      -against-

STATE OF NEW JERSEY,

                Defendant

-------------------------------------------------------------X

## Preliminary Statement

1. Plaintiff Blake Gardens, LLC ("Blake Gardens") is a Limited Liability Company based in Mahwah, New Jersey. It is seeking to establish a community residence for people with Alzheimer's Disease and other forms of dementia at a site in a residential zoning district in the Township of Freehold, New Jersey ("Freehold"). Prior to June, 2016, under the New Jersey Municipal Land Use Law ("MLUL") which was adopted by Freehold, community residences for people with Alzheimer's Disease were deemed to be a permitted use in all residential zoning districts in the State. However, in November, 2015, the Defendant State of New Jersey ("State") amended the MLUL to eliminate the portion of the law deeming community residences for people with Alzheimer's Disease and other forms of dementia to be a permitted use in all residential zoning districts in the State. Consequently, Blake Gardens can no longer establish its proposed community residence as of right in a residential district in Freehold and, for that matter, can no longer establish its community residences as of right in any residential zoning district in New Jersey. In amending the MLUL to treat community residences for people with Alzheimer's

Disease and other sorts of dementia differently from housing for non-disabled persons that is permitted in residential zoning districts as of right, the State acted in a discriminatory manner in violation of the Federal Fair Housing Act and the Americans with Disabilities Act.

### Jurisdiction and Venue

2. This Court has jurisdiction over the Federal statutory issues in this case pursuant to 28 U.S.C. §§§1331, 3613, and 12133.

3. As all of the parties reside in the District of New Jersey, this Court has venue over this action.

### Parties

4. Plaintiff Blake Gardens is Limited Liability Company that establishes community residences for people with Alzheimer's Disease in the State of New Jersey. Its principal offices are located in Mahwah, New Jersey.

5. Defendant State of New Jersey is a governmental body whose principal offices are located in Trenton, New Jersey.

### Facts

6. Blake Gardens develops and builds community residences for people with Alzheimer's Disease and other forms of dementia throughout the State of New Jersey.

7. The residences are single family homes that are not institutions and are not wings or units that are part of a larger campus or institutional setting.

8. The homes are traditionally located in single family neighborhoods.

9. The residences house up to fifteen people.

10. Because of their disabilities, the residents need personal care assistance with the activities of daily living, and their disabilities are a mental impairment that substantially limits their ability to engage in the activities of daily living.

11. While the residents each have their private bedroom, they share meals and other activities together just as a typical family might do.

12. There are over 20 licensed residences of this type that have been established throughout New Jersey by Blake Gardens and other providers.

13. Under the MLUL, community residences for persons with head injuries are deemed to be a permitted use in all residential zoning districts. N.J.S.A. 40:55D-66.1.

14. Prior to June 1, 2016, community residences for people with Alzheimer's Disease and other forms of dementia of the type to be established by Blake Gardens in Freehold were considered to be included in the MLUL definition of "community residences for persons with head injuries."

15. As a result, between Blake Gardens and other providers, over 20 community residences for people with Alzheimer's Disease and other forms of dementia were established in residential zoning districts throughout New Jersey.

16. However, in November, 2015, the State enacted 2015, c. 125 §10, which removed community residences for people with Alzheimer's Disease and other forms of dementia from the MLUL definition of "community residences for persons with head injuries." That law became effective on June 1, 2016.

17. Consequently, unlike residences for non-disabled persons, community residences for people with Alzheimer's Disease and other forms of dementia cannot be established as of right in all residential zoning districts.

18. Blake Gardens is seeking to establish a community residence for people with Alzheimer's Disease and other forms of dementia in a residential zoning district in Freehold.

19. Freehold's zoning ordinance adopts the MLUL as its standard for determining whether a community residence for people with Alzheimer's Disease and other forms of dementia can be located in a single family residential zoning district. Freehold Zoning Ordinance §190-3.

20. Blake Gardens applied for a permit for the construction of a community residence for people with Alzheimer's Disease and other forms of dementia at 162 Hunt Road in Freehold.

21. That site is located in a residential zoning district in Freehold.

22. In a letter dated March 21, 2017, Pasquale Popolizio, Freehold's Zoning Official/Code Enforcement Officer, rejected the application of Blake Gardens on the ground that a community residence for people with Alzheimer's Disease and other forms of dementia is no longer deemed to be permitted in a residential zoning district in Freehold as a result of the above-mentioned State's amendment of the MLUL in 2016 which excluded community residences for people with Alzheimer's Disease from residential districts as of right.

23. Therefore, as a result of the above-mentioned State's amendment of the MLUL in 2016, Blake Gardens could no longer establish its proposed community residence for people with Alzheimer's Disease and other forms of dementia as of right in a residential zoning district in Freehold.

24. The community residences for people with Alzheimer's Disease and other forms of dementia previously established in single family residential districts throughout the State of New Jersey have had no negative impact on their neighborhoods and communities.

25. Therefore, the State had no legitimate reason to exclude community residences for people with Alzheimer's Disease and other forms of dementia from residential districts throughout the State where they had been previously successfully established and integrated into those communities.

26. The above-mentioned 2016 amendment to the MLUL removing community residences for people with Alzheimer's Disease and other forms of dementia from the list of residences permitted as of right in residential districts throughout the State is facially discriminatory in that it treats community residences for people with Alzheimer's Disease and other forms of dementia less favorably than residences for non-disabled people with no legitimate reason for that distinction.

27. Consequently, as the 2016 amendment to the MLUL removing community residences for people with Alzheimer's Disease and other forms of dementia from the list of residences permitted as of right in residential districts throughout the State is in violation of the Federal Fair Housing Act and the Americans With Disabilities Act.

**FIRST COUNT:  FEDERAL FAIR HOUSING ACT**

28. Plaintiff realleges each of the allegations contained in paragraphs "1" through "27" above.

29. As a provider of housing for persons with disabilities, Blake Gardens has standing to bring this action under the Federal Fair Housing Act.

30. The persons Blake Gardens is seeking to house are persons with disabilities under the Federal Fair Housing Act as they have mental impairments which substantially limits one or more of their major life activities.

31. The State of New Jersey is covered by the Federal Fair Housing Act.

32. In excluding community residences for people with Alzheimer's Disease and other forms of dementia from the type of residences permitted as of right in residential zones, the above-mentioned 2016 amendment to the MLUL treats community residences for people with Alzheimer's Disease and other forms of dementia differently from housing for non-disabled persons and is facially discriminatory in violation of the Federal Fair Housing Act.

33. The State has no legitimate reason for treating community residences for people with Alzheimer's Disease and other forms of dementia differently from housing for non-disabled persons.

## SECOND COUNT- AMERICANS WITH DISABILITIES ACT

34. Plaintiff realleges each of the allegations contained in paragraphs "1" through "33" above.

35. As a provider of housing for people with disabilities, Blake Gardens has standing to bring this action under the Americans With Disabilities Act.

36. The persons Blake Gardens is seeking to house are persons with disabilities that also meet the definition of that term under the Americans With Disabilities Act.

37. The State of New Jersey is a public entity covered by the Americans With Disabilities Act. 42 U.S.C.§12131(1)(a).

38. In excluding community residences for people with Alzheimer's Disease and other forms of dementia from the type of residences permitted as of right in residential zones, the above-mentioned 2016 amendment to the MLUL treats community residences for people with Alzheimer's Disease and other forms of dementia differently from housing for non-disabled persons and is facially discriminatory in violation of the Americans With Disabilities Act.

39. The State has no legitimate reason for treating community residences for people with Alzheimer's Disease and other forms of dementia differently from housing for non-disabled persons.

WHEREFORE, it is respectfully requested that this Court.

(1) Declare that the above-mentioned 2016 amendment to the MLUL is in violation of the Federal anti-discrimination laws.

(2) Annul the above-mentioned 2016 amendment to the MLUL.

(3) Award compensatory damages, punitive damages, and attorneys fees to Blake Gardens.

(4) Such other relief that the Court deems to be appropriate.

Dated: Garden City, New York
       May 8, 2017

                              MORITT HOCK & HAMROFF LLP
                              Attorneys for Plaintiff
                              By: _____
                              MICHAEL S. RE
                              ROBERT L. SCHONFELD
                              400 Garden City Plaza
                              Garden City, New York 11530
                              (516) 873-2000